IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARLON D. ROBINSON,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN TIMOTHY SHOOP,<br><br>Respondent. | Case No. 5:25-cv-2326<br><br>DISTRICT JUDGE<br>J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Marlon D. Robinson, proceeding *pro se*, filed a Petition under 28 U.S.C. §2254 for a Writ of Habeas Corpus. Doc. 1. Robinson is currently in custody at Mansfield Correctional Institution serving an aggregate sentence of four to six years imposed by the Summit County Court of Common Pleas in *State v. Robinson*, Case No. CR-2023-02-0612. *See* Doc. 7-1, at 26–29. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Court dismiss Robinson's petition.

**Summary of facts**

In habeas corpus proceedings brought under 28 U.S.C. § 2254, factual determinations by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). "This presumption also applies to the factual findings that [a] state appellate court makes on its review of the state trial record" *Johnson v. Bell*, 525 F.3d 466, 474 (6th Cir. 2008). The petitioner has the burden of rebutting that

presumption by clear and convincing evidence. *Id.*; *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals, Ninth Appellate District, summarized the facts underlying Robinson's convictions and the relevant procedural history, as follows:

> {¶2} Todd Liggett, a parole officer with the Ohio Adult Parole Authority assigned to the United States Marshal's Northern Ohio Violent Fugitive Task Force, had been tracking Mr. Robinson, a parole violator-at-large, for at least six months. On February 9, 2023, Officer Liggett located Mr. Robinson at a residence on Edmeyer Court in Akron, Ohio. A warrant for Mr. Robinson's arrest had been issued by the State of Ohio. In addition to being sought for parole violations, Mr. Robinson was a suspect in a rape case. On that date, Officer Liggett was staked out near the Edmeyer Court residence with other law enforcement officers and observed Mr. Robinson exit a vehicle and enter the residence. Officers knocked on the door of the residence. The door opened, officers observed Mr. Robinson in the hallway, and they ordered him to come out. Officer Liggett knew there were possibly children in the home and, when asked if children were present, Mr. Robinson "did not give a definitive answer yes or no at that time," so officers did a security sweep of the residence to make sure no one else was in the residence. During the search of the residence, officers observed two firearms which were located in plain view on top of beds in two bedrooms. In addition, officers saw men's clothing in the home, leading them to believe Mr. Robinson was residing there.
>
> {¶3} At that point, officers stopped the search and asked the Akron Police Department to obtain a search warrant. Officers set up a perimeter to maintain the security of the premises while they obtained the warrant.

> {¶4} After the security sweep and while officers were waiting for the search warrant, K.C., the named lessee for the residence, arrived at the residence after being alerted to the officers' presence by her security camera. K.C. was not allowed into the residence while the search warrant was being obtained. Once the search warrant was obtained, Officer Liggett assisted the Akron Police with the search of the premises. Narcotics were found in a safe in the residence.
>
> {¶5} When Mr. Robinson was arrested, drugs were found on him during the search of his person. In an interview with Mr. Robinson after his arrest and after he was Mirandized by police, Mr. Robinson admitted the guns found in the Edmeyer Court residence were his and anything found in the apartment that was narcotics, contraband, or illegal was his and did not belong to K.C.

*State v. Robinson*, C.A. No. 30959, 2025 WL 1752370, at *1 (Ohio Ct. App. June 25, 2025).

**Procedural Background**

*Trial Court Proceedings*

In February 2023, the Summit County grand jury issued a nine-count indictment charging Robinson with: trafficking in a fentanyl-related compound in violation of Ohio Rev. Code § 2925.03(A)(2) and (C)(9)(e) (count one); possession of a fentanyl-related compound in violation of Ohio Rev. Code § 2955.11(A) and (C)(11)(d) (count two); aggravated trafficking in drugs in violation of Ohio Rev. Code § 2925.03(A) and (C)(1)(d) (count three); aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A) and (C)(1)(c) (count four); trafficking in cocaine in violation of Ohio Rev.

Code § 2925.03(A)(2) and (C)(4)(e) (count five); possession of cocaine in violation of Ohio Rev. Code § 2925.11(A) and (C)(4)(d) (count six); having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2) and (B) (count seven); and aggravated possession of drugs in violation of Ohio Rev. Code § 2925.11(A) and (C)(1)(a) (counts eight and nine). Doc. 7-1, at 3–7. Robinson pleaded not guilty. Doc. 7-1, at 8.

In August 2023, Robinson moved to suppress all evidence seized, claiming that the police impermissibly searched his home without a warrant. Doc. 7-1, at 10–12. Following a suppression hearing, however, the trial court denied the motion in October 2023, holding: (1) a warrantless search of a parolee's property does not violate the Fourth Amendment; (2) the weapons found during the search were in plain view, were inadvertently discovered, and their incriminating nature was immediately apparent given that Robinson was a parolee and not allowed to possess firearms; and (3) the firearms served as probable cause for the search warrant later obtained. Doc. 7-1, at 17–24. Later in October 2023, Robinson entered a plea of no contest to the charges in the indictment and received an aggregate sentence of four to six years in prison. Doc. 7-1, at 26–29.

*Direct Appeal*

In December 2023, Robinson appealed his conviction to Ohio's Ninth District Court of Appeals, but the Court of Appeals dismissed the appeal as untimely, noting that a notice of appeal must be filed within 30 days of the

decision appealed. Doc. 7-1, at 33; *see* Ohio App. R. 4(A)(1). Then, with the assistance of counsel, Robinson successfully moved for leave to file a delayed appeal. Doc. 7-1, at 40–41. After the Court of Appeals granted his motion and allowed a delayed appeal, Doc. 7-1, at 42, Robinson filed a brief, presenting one assignment of error: "The trial court erred in denying Defendant-Appellant's motion to suppress," Doc. 7-1 at 45.

The State of Ohio filed a responsive brief, Doc. 7-1 at 70–83, and in June 2025, the Court of Appeals affirmed Robinson's convictions. Doc. 7-1 at 102–11; *Robinson*, 2025 WL 1752370. Robinson, through counsel, appealed to the Ohio Supreme Court. Doc. 7-1, at 112–13. In his memorandum in support of jurisdiction, Robinson raised a single proposition of law concerning the denial of his motion to suppress. Doc. 7-1, at 115. In September 2025, the Ohio Supreme Court declined to accept jurisdiction of the appeal. Doc. 7-1, at 137.

*Federal Habeas Corpus Petition*

In October 2025, Robinson, *pro se*, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Doc. 1. In his petition, he raises a single ground for relief:

> **GROUND ONE:** The trial court erred when it denied the Petitioner's motion to suppress. Supporting facts: Petitioner filed a motion to suppress, the court overruled the motion to suppress while relying on unreliable testimony by law enforcement. On appeal, the Court of Appeals relied on facts, including the unreliable testimony by law

> enforcement during in open court and still upheld the conviction and sentence.

Doc. 1, at 5.

**Legal Standard**

A petitioner is not entitled to a writ of habeas corpus unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). Section 2254 allows a habeas petitioner to challenge "the fairness of state court proceedings and state deprivations of individual liberty." *Engler v. Foley*, No. 1:22-cv-1066, 2025 WL 2720767, at *4 (N.D. Ohio September 24, 2025), *certificate of appealability denied sub nom. Engler v. Spatny*, 2026 WL 989470 (6th Cir. Feb. 27, 2026). That said, a federal court "is not free to issue a writ of habeas corpus 'on the basis of a perceived error of state law.'" *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Bell v. Cone*, 543 U.S. 447, 455 (2005) (noting that 28 U.S.C. § 2254(d) provides "a highly deferential standard for evaluating state-court rulings" and requires "that state-court decisions be given the benefit of the doubt") (citations omitted). Nor is it "the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). As the Sixth Circuit has declared, "[a] violation of state law is not cognizable in federal habeas unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of

the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008).

Under 28 U.S.C. § 2254, if a habeas petition involves a claim that was "adjudicated on the merits in State court proceedings," a federal court may not grant the petition unless the petitioner establishes two predicates. *See* 28 U.S.C. § 2254(d)(1)–(2). First, the habeas petitioner "must identify a 'clearly established' principle of 'Federal law' that the 'Supreme Court' has pronounced." *Fields v. Jordan*, 86 F.4th 218, 231 (6th Cir. 2023) (en banc) (quoting 28 U.S.C. § 2254(d)(1)). This requirement limits petitioners "to seek relief based on just one source: Supreme Court decisions." *Id.* (internal quotation marks omitted). The "clearly established" prong also bars petitioners from "sidestep[ping] the lack of Supreme Court precedent on a legal issue by raising the 'level of generality' at which they describe the Court's holdings on other issues." *Id.* A state court also need not cite Supreme Court precedents or even reflect an "awareness" of these decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Second, once a petitioner identifies a clearly established Supreme Court holding, the petitioner must then show that the state court's adjudication "was contrary to," or "involved an unreasonable application of" the holding. 28 U.S.C. § 2254(d)(1); *see Fields*, 86 F.4th at 232. Here, "an 'unreasonable application'" means that the state court's ruling was "'objectively

unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014). "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A habeas petitioner, therefore, "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at 103.

**Discussion**

In his sole ground for habeas relief, Robinson raises a Fourth Amendment claim challenging the constitutionality of the warrantless search of his residence. *See* Doc. 1-1, at 5. As the Supreme Court has established, however, "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). The Sixth Circuit has since added that if a state has made "available [an] avenue for [a habeas petitioner] to present his claim to the state courts," then the Supreme Court's holding in *Stone* "prohibits federal habeas corpus review of [the petitioner's] Fourth Amendment claim." *Good v. Berghuis*, 729 F.3d 636, 637, 639 (6th Cir. 2013).

Nowhere in his petition does Robinson identify or cite any Supreme Court precedent, let alone address *Stone*. *Fields*, 86 F.4th at 231 (requiring that habeas petitioners identify a "clearly established" principle that the Supreme Court has pronounced). Further, in interpreting *Stone*, the Sixth Circuit made clear that the "'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claims to the state courts, *not an inquiry into the adequacy of the procedure actually used* to resolve that particular claim." *Good*, 729 F.3d at 639 (emphasis added). As a result, the dispositive question before this Court is "Did the state courts permit [Robinson] to raise the claim or not?" *Id.* at 640.

Robinson could—and did—present his Fourth Amendment claim during his state court proceedings. Indeed, he raised the same Fourth Amendment challenges before trial, through a motion to suppress, *see* Doc. 7-1, at 10–12, and at each level of direct appeal, *see id.* at 45, 115. At each stage, the state courts rejected Robinson's arguments. *See* Doc. 7-1, at 10, 104–11, 137. Robinson, therefore, "had 'the opportunity for full and fair consideration of [his exclusionary rule] claim[ ] in state court,'" and this Court's review of his "'Fourth Amendment claim' is barred." *Hoffman v. Hooks*, No. 3:15-cv-1200, 2016 WL 4086788, at *2 (N.D. Ohio Aug. 2, 2016) (quoting *Good*, 729 F.3d at 637–38).

## Conclusion

For the reasons above, I recommend that Robinson's Petition be dismissed.

Dated: September 15, 2026

*/s/James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).