**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARLON D. ROBINSON, | ) | Case No. 5:25-cv-2326 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| TIMOTHY SHOOP, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Before the Court is the Magistrate Judge's report and recommendation (ECF No. 8) in this habeas action. The Magistrate Judge recommends that the Court dismiss Mr. Robinson's petition for a writ of habeas corpus and deny a certificate of appealability.

In the report and recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (ECF No. 8, PageID #447–52.) In short, Mr. Robinson was convicted of six counts of drug trafficking and possession charges, having a weapon while under disability, and two counts of aggravated possession of drugs, after entering a plea of no contest. (*Id.*, PageID #450; ECF No. 7-1, PageID #89.) He was sentenced to an aggregate term of imprisonment of four to six years in prison. (ECF No. 8, PageID #450.) Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this habeas action. (*Id.*, PageID #450-51.)

Petitioner raises a single ground for relief. (ECF No. 1, PageID #5–6.) He asserts that the "trial court erred when it denied the Petitioner's motion to suppress," challenging the warrantless search of his residence as a Fourth Amendment violation. (ECF No. 8, PageID #451-54.) The Magistrate Judge recommends that the Court deny this Petition for relief, based on *Stone v. Powell*, 428 U.S. 465 (1976), because Mr. Robinson presented his Fourth Amendment claim during his State court proceedings. (*Id.*, PageID #455.) Accordingly, Mr. Robinson had an opportunity for "full and fair consideration" of his claim in State court, barring further review. (*Id.*)

The report and recommendation stated that any objections were due fourteen days after service and advised Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #456.)

The report and recommendation was filed on the docket on September 15, 2026 (ECF No. 8) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's report and recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different from forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless "be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the report and recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's report and recommendation.

## CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the petitioner must show that reasonable jurists could find the district court's determination of the relevant constitutional claims debatable or incorrect. *Tennard*

*v. Dretke*, 542 U.S. 274, 282 (2004). The petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Petitioner does not qualify for a certificate of appealability. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Robinson has not shown that reasonable jurists could conclude that his petition states a valid claim of the denial of his Fourth Amendment rights nor that he should be able to proceed further after failing to object to the Magistrate's report and recommendation.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 8), **DISMISSES** the action **WITH PREJUDICE**, and **DECLINES** to issue a certificate of appealability under 28 U.S.C. § 2253(c).

**SO ORDERED**.

Dated: October 28, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio